## Harlan v. Anderson's Executor et al.

(Decided March 19, 1937.)

JAY W. HARLAN, CHENAULT HUGUELY and SHELBY HOWARD for appellant.

L. B. HANDLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Jennie H. Anderson, a resident of Larue county, Ky., died testate in October, 1935, at Evansville, Ind., while there on a visit. Soon after her death her holographic will with a codicil thereto was found in a trunk at Hodgenville, Larue county, Ky., in words and figures as follows:

"Hodgenville, Ky.          Sept 21st 1935

"This day, I will make the last division of my estate—revoking all other wills or divisions of said estate—which netted abt 42,000 00 and at my death —one-half—should go to her Husband's Family, but 4,000 00 I paid to Geo. F. Anderson and 4,000 00 to my Husband's nieces, in Canada—

"The sum of 8,000 00 with accrued int—from, 1921, shall be charged making abt—, ........ x 8,000—

"The balance as follows—To my dear Roy Anderson—4,000—

"Any advanced to him, shall be deducted from this, said amt 4,000—

"To Margarete Anderson's—two children—Elizabeth and Lillian 500 00 five hundred each—to be used in their education—by their mother

"To Charles F. Anderson's daughter Mary E. 500.00 to be held in trust for her education—by her Aunt Lillian Richardson—

"To Lillian Richardson 500.00 at her death to be equally divided between her three nieces Mary E-Elizabeth Cowls and Lillian

"To the Asbery College 1,000 . . . . . . x at Willmore Ky O to be known as the Charles D. Anderson, Scholar Ship Fund to aid young men in studying for the Ministry

"_____

"_____

"To my Sister Julia H. Stark—I have given her all I intend for her to have—

"To my brother H. L. Harlan, the same—
"To my niece Laura McHurt 3,000 00 having already given her an amt to make up her quota
"To my Brother and his devoted wife Claudia Pusey Harlan One hundred each—He having recd advantages on the home place for 21 years—(It is conceded that the "Brother" referred to in the above sentence was John Howard Harlan, this appellant.)

"To their children Lettie and Elizabeth one thousand each—and to their children—to aid in education

"To my Bro Chas M. Harlan 4,000 00 to be held in trust by the Farmers' Nat Trust Co—If at any time he becomes disabled, he is to use part of principal—At his death and the death of his wife—the remainder is to be equally divided between the American Bible Socty and the Orphan's Home at Anchorage Ky—to be known as the Lettie M. Harlan Fund to help Orphan or Motherless children to be educated and cared for in the home—

"I name my nephew James H. Stark to carry out my wishes in my division without Bond or Security having every confidence in his honor and ability—To be advised—if necessary by the Farmer's Nat Trust Co—I have endeavored to be just—to all—

and have done the very best I could for all—in Life in death

    "Your devoted sister and Aunt

           "Jennie H. Anderson—

    "Codicil No 1—

"To H. A. Richardson and William Faulconer, One Hundred each, as an expression of the high esteem in which I hold them—

"After all debts and burial expenses—the remainder that is left—I leave to the one who takes care of me in my last declining years—

"My brother J. M. Harlan is to have Four thousand dollars—at his death, one half goes to his daughter, Georgie Hunt and her three children 2000 00 and One thou each to his two sons, James and Joseph

           "Jennie H. Anderson

           "_____"

Another writing referred to in the record as codicil No. 2 was later found in testatrix' suitcase either at the hospital at Evansville, Ind., or after the suitcase had been returned to Hodgenville. This codicil was written by testatrix on an envelope which had been split at one side and the ends and opened, leaving the crease in the center indicating the fold of the other side. The envelope had been addressed to Thomas Edward Stark at Evansville, Ind., and the postmark thereon indicated that it had arrived at Evansville post office on September 22, 1935, and it is conceded that testatrix made the figures and writing on the envelope some time between September 22, and the date of her death in October, the exact date not being shown by the record.

A photostatic copy of the envelope and the writing and figures thereon is filed with the record, and without a view of the original as photographed it is somewhat difficult to understand the figures and language thereon from a mere description of it reproduced herein. We here copy it, arranging the words and figures as nearly as possible as they appear on the photostatic copy.

| "27,000 | Julia | 8000 |
| 6,500 | Laura | 3000 |

33 500

782

| | | Hugh | 5000 |
| | | Chas- | 4000 |
| 39000 | | | |
| 35000 | | Joe | 4000 |
| ——— | | | |
| 4000 | | Howard | 2500 |
| | | | ——— |
| | | | 26,500 |
| | | Lillian | 500 |
| If I die before I | | Margarets 2 children | 1000 |
| become helpless- | | Mary E | 500 |
| this 5000 is to be | | Asbury | 1000 |
| prorated one thou | | Roy | 3000 |
| each Julia, Laura, | | | ——— |
| Hugh, Chas. & Lettie | | | 6500 |

"Jennie H. Anderson."

A crease in the center of the envelope after it was opened separates the two columns of writing as indicated in the copy above. On the lower left corner of the envelope all possible available space was consumed with the names of the five legatees written thereon, and the only space for testatrix to sign her name was on the lower right corner under the column of figures and names on the right of the envelope as indicated in the copy above.

As will be seen, the will including the codicils is very ungrammatical, but there is no dispute as to the interpretation of the figures and language used. It is conceded that the figures represent the sums of money or number of dollars indicated by them, and the abbreviation "amt" means amount and the abbreviation "thou" means thousand.

The will and codicils were duly admitted to probate as the last will and testament of the testatrix. Because of the confusion and a dispute arising out of the writing on the envelope referred to as codicil No. 2, the executor brought this action in the Larue circuit court for the purpose of having the will construed, and all the devisees and interested parties were made defendants. Answers were filed by the various defendants, and it appears that all legatees were willing to accept their respective legacies indicated in the will including the codicils, except the appellant John Howard Harlan,

who filed his separate answer in which he pleaded in substance that under the original will of the testatrix dated September 21, 1935, at Hodgenville, Ky., she bequeathed to him the sum of $100, and further that by the column of names and figures written on the envelope as we have described above, which he contends was codical No. 3, she further bequeathed to him the sum of $2,500, that sum appearing opposite the name "Howard" on the envelope. There is no dispute that the word "Howard" referred to John Howard Harlan, this appellant. A demurrer was filed to the answer of appellant but not ruled on until final judgment. The case was submitted upon the pleadings and exhibits indicated above and the court entered judgment adjudging that the various legatees were entitled to their respective legacies indicated in the will and codicil dated September 21, 1935, and held that the writing on the left of the envelope referred to in the record as codicil No. 2, devising $5,000 to the five named legatees therein, was testamentary and the named legatees were entitled to receive that amount. The court held void the provision in codicil No. 1, which reads, "After all debts and burial expenses—the remainder that is left—I leave to the one who takes care of me in my last declining years—" for reason that the testatrix contracted pneumonia from which she died in a few days and that no one took care of her in her last declining years. The court sustained a demurrer to the answer of appellant and held that he was entitled only to the $100 legacy bequeathed to him in the original will and not entitled to the $2,500 set opposite the word "Howard" appearing in the column on the right of the envelope. Hence this appeal.

The only question involved is whether the testatrix intended the right-hand side or column of the envelope to be a codicil to her will and that the persons named therein are entitled to the sums of money indicated by the figures set opposite their respective names. If she so intended, then all persons named in that column would have been entitled to the sum set opposite their respective names had they demanded it. It will be observed that testatrix made two totals of this column, down to and including the 2,500 opposite the word "Howard," she gave the correct total of 26,500. Then immediately under and close up to this total appear the

figures 500 opposite Lillian's name. In view of the figures 27,000 appearing on the upper left corner of the envelope it is apparent that she intended the 500 set opposite Lillian's name to be included in the total 26,500 just above, which would give the sum of 27,000, as indicated in the upper left corner of the paper. Then after Lillian's name and the figures 500 set opposite thereto, there appears the words and figures "Margaret's 2 children 1000," then follows the other items Mary E. 500, Asbury 1,000, Roy 3,000. She then shows the total of this last column to be 6,500, whereas in fact, it totals only 5,500. She then carried this erroneous total of 6,500 to the upper left corner of the paper and added it to the 27,500 giving a total sum of 33,500. But once the 1,000 error in the column on the right of the envelope is corrected, the correct total in the upper left corner should be 32,500. Then just below this total appears the figures 39,000 and 35,000, and subtracting the latter from the former shows a correct balance of 4,000. Then follows the sentence devising "this 5000" to Julia, Laura, Hugh, Charles, and Lettie.

As to what testatrix meant or how she arrived at the figures 39,000 and 35,000 cannot be arrived at with any degree of certainty. In the devising sentence, if she had devised $4,000 to the five legatees named therein, it would have corresponded to the $4,000 balance, but it is probable that after estimating the value of her estate, and all the legacies devised she concluded that there would be a $5,000 surplus, and this legacy can be reconciled with codicil No. 1, wherein testatrix said "After all debts and burial expenses—the remainder that is left—I leave to the one who takes care of me in my last declining years—."

The circumstances fairly warrant the inference that when the testatrix became suddenly ill of pneumonia she anticipated her early death and concluded that she might not have any declining or helpless years and was thus prompted to write the codicil on the envelope devising $5,000 to the legatees named therein and that this legacy would take the place of the "remainder" she devised to the one who should take care of her in her last declining years as provided in codicil No. 1. This solution of the situation would be in harmony with the will and codicil No. 1, but, to hold that

testatrix intended that the persons named on the right-hand column of the envelope should receive the sum set opposite their respective names, would materially conflict with the original will and other codicils thereto and amount to practically a rewriting or reformation of the whole will and other codicils. It will be noticed that in the original will testatrix said, "To my Sister Julia H. Stark—I have given her all I intend for her to have—." Then in the column of figures in question on the envelope appears the word and figures "Julia 8000," without anything tending to reconcile this conflict with the statement in the original will that she had given Julia all that she intended for her to have. Also in the original will testatrix said, "To my niece, Laura McHurt—3,000.00 having already given her an amt to make up her quota—." Laura's name then appears on the envelope with the figures 3,000 set opposite her name, and also appears as a legatee of the $5,000 devised in the sentence on the lower left corner of the envelope. Without further pursuing this detailed discussion of the conflicts between the original will and codicils, and column of names and figures in question, it is sufficient to say that an examination and comparison of them will disclose many irreconcilable conflicts.

According to the theory and calculations of counsel of appellees as outlined in his brief, if appellant's contention should be upheld the estate would fall far short of paying the face of the various legacies set out in the will and codicils. But the calculations and theory argued by appellant's counsel in his brief tend to show that there would be a difference only of $1,400, that is, giving effect to the column of names and figures in question would make the total sum of the legacies $1,400 more than the total indicated in the original will and other codicils including the $5,000 legacy devised in the sentence written on the left of the envelope.

We have examined the record and find ourselves unable to reconcile the writing and figures on the envelope with the original will and codicil, except the sentence in the left of the envelope which devises $5,000 to the legatees named therein, which, as we have already stated, can be harmonized with codicil No. 1 of the will, in that, the testatrix intended this $5,000 legacy to take the place of the remainder of her estate,

which she devised to the one who may take care of her in her declining years.

We think that mere names with figures set opposite them without anything indicating their purpose is too indefinite and uncertain to be given testamentary effect. It must be conceded that just what testatrix had in mind or meant by the names and figures in question on the right of the envelope and at the top of the upper left corner, is difficult to understand and, to undertake to reconcile them with the will and other codicils would be pure guess and speculation, and this is especially true since, to give them testamentary effect would be repugnant to and entirely out of harmony with the will and other codicils. If the testatrix had intended to thus modify her original will and codicil by giving testamentary effect to the columns of names and figures in question, evidently she would have used some language indicating such intention.

It is the argument of appellant "that the court cannot speculate as to the intention of Jennie H. Anderson when she wrote codicil No. 2 on the inside of a split envelope (meaning the sentence in the lower left-hand corner) and arbitrarily say that the portion written upon the right-hand side is not a manifestation of intention while that upon the left is of testamentary character." We think counsel is in error in the position he takes, since as we have already pointed out, the sentence in the left of the envelope consists of language clearly showing that the testatrix meant to bequeath $5,000 to the legatees named therein. But there is no language indicating what the testatrix meant by the column of names and figures set opposite them. The more plausible theory is that she was merely making a recapitulation or estimate of her estate and all legacies previously devised including advancements, etc., for the purpose of ascertaining the probable surplus, and concluded that the surplus would be approximately $5,000, which she disposed of in the sentence written on the left of the envelope to take the place of the provision she made in codicil No. 1 to take care of her in her declining years. This may be to some extent a speculation, but it is more consistent with the circumstances as a whole than to give testamentary effect to the column of names and figures in question.

It follows that the judgment of the chancellor is correct.

Judgment affirmed.